UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                Date:  January 11, 2019
Title:    Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: MOTION FOR ORDER REMANDING CASE TO STATE COURT [14]; MOTION TO COMPEL ARBITRATION AND DISMISS LITIGATION [20]

Before the Court are two motions:

The first is Plaintiff Nikesh Lakhan's Motion for Order Remanding Case to State Court and for Attorneys' Fees (the "Remand Motion"), filed on November 27, 2018. (Docket No. 14).  Defendant U.S. Security Associates, Inc. ("USSA") filed an Opposition on December 17, 2018.  (Docket No. 21).  Plaintiff filed a Reply on December 21, 2018.  (Docket No. 25).

The second is Defendant's Motion to Compel Arbitration and Dismiss Litigation (the "Arbitration Motion"), filed on December 10, 2018.  (Docket No. 20).  Plaintiff filed an Opposition on December 17, 2018.  (Docket No. 22).  Defendant filed a Reply on December 21, 2018.  (Docket No. 24).

The Court has read and considered the papers filed on the Motion and held a hearing on January 7, 2019.

For the reasons set forth below, the Court rules upon the Motions as follows:

- The Remand Motion is **DENIED**.  The Complaint pleads a federal cause of action, thereby conferring federal question jurisdiction on this Court.

---

**CIVIL MINUTES—GENERAL**                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                             Date:  January 11, 2019
Title:     Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

Plaintiff's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

- The Arbitration Motion is **GRANTED**. The parties clearly and unmistakably committed the question of arbitrability of the Arbitration Agreement to an arbitrator. The action is therefore **DISMISSED** *without prejudice*.

## I.     BACKGROUND

Plaintiff initiated this action on October 9, 2018, in the Los Angeles County Superior Court. (*See* Complaint ("Compl.") (Docket No. 1-1)). Plaintiff asserts 17 claims related to his former employment with USSA, including claims for alleged discrimination, harassment, retaliation, and wrongful termination of employment based on Plaintiff's race, religion, national origin, and disability; failure to pay overtime compensation; failure to provide required meal and rest breaks; and intentional infliction of emotional distress. (*Id.* ¶¶ 22-163). Defendant removed the action to this Court on November 15, 2018. (Notice of Removal (Docket No. 1)).

Plaintiff was hired by Defendant on April 5, 2017. (Compl. ¶ 8). The same day Plaintiff began his employment with USSA, Plaintiff executed the U.S. Security Associates Dispute Resolution Agreement (the "Arbitration Agreement" or "Agreement"). (*See* Declaration of Nikesh Lakhan ("Lakhan Decl.") ¶¶ 3-8 (Docket No. 22-1); *see generally* Agreement (Docket No. 20-3)). The Agreement provides that "[a]rbitration shall be the sole and exclusive remedy for any dispute, claim, or controversy of any kind or nature (a 'claim') arising out of, related to, or connected with my employment relationship with the Company, or the termination of my employment relationship with the Company." (Agreement at 2). The range of claims subject to arbitration includes:

> [A]ll claims under or relating to any federal, state or local law, whether based on tort, contract, statute, regulation, equitable law or otherwise, including claims for discrimination, harassment or retaliation based on race, color, religion, national origin, sex, sexual orientation, gender

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                    Date:  January 11, 2019
Title:    Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

identity, age, disability, medical condition, marital status or any other condition or characteristic protected by law; demotion, discipline, termination or other adverse action; and any claim for personal, emotional, physical, economic or other injury. In addition, this Agreement applies to any claims for wages, compensation, overtime, bonuses, vacation, meal or rest periods, business expense reimbursement, payment of final wages, itemized wage statements and any other claims involving employee compensation.

(*Id.*). The Agreement further provides that "[t]he Arbitrator, and not any federal or state court, shall have the exclusive authority to resolve any issue relating to the interpretation, formation or enforceability of this Agreement, or any issue relating to whether a Claim is subject to arbitration under this Agreement[.]" (*Id.* at 3).

Plaintiff is a "tall and heavyset" Indian Pacific Islander who was employed by Defendant for a year. (Compl. at 3). Plaintiff is native to Fiji and practices Hinduism. (*Id.*). At the time of Plaintiff's hiring on April 5, 2017, Plaintiff weighed 300 pounds. (*Id.* ¶ 10). At all times throughout his employment, Plaintiff performed his job duties in an exemplary manner. (*Id.* ¶ 9).

On April 21, 2017, a field supervisor, Defendant Daniel Zaragoza, told Plaintiff that his uniform jacket looked too tight on him and that the company should use trash bags to make his uniform. (*Id.* ¶ 10). Zaragoza made comments to Plaintiff such as "Pillsbury Doughboy," "dumbass," "stupid," "fat ass," "Chewbacca," "gordo," "chalone," "big baby," and "raghead." (*Id.*). On May 10, 2017, Zaragoza made racial comments about Plaintiff's Muslim, middle eastern coworkers by telling operations manager, Defendant Brenda Acuna, to "watch these 'ragheads' as they are most likely up to no good." (*Id.*).

On June 10, 2017, while on duty, a Hertz employee crashed into a vehicle that Plaintiff was driving, causing injury to Plaintiff's lower back. (*Id.* ¶ 11). Because of the accident, Plaintiff was unable to stand and work for long stretches of time. (*Id.*). Despite Plaintiff not being at fault for the accident, Zaragoza asked Plaintiff, "Fat a\*\*, what did you do?" and failed to investigate the accident further. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 18-9659-MWF (GJSx)                    Date:  January 11, 2019
Title:     Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

On July 23, 2017, Plaintiff visited the emergency room due to a foot infection caused by unsafe working conditions at the Hertz LAX guard shack. (*Id.*). Plaintiff's injury was caused by rust-exposed ceilings circulating insulating fiberglass throughout the shack when the air conditioner was on. (*Id.*). The fiberglass embedded in Plaintiff's skin, causing him to itch, which led to infection, swelling, and rashes on his left foot. (*Id.*). The next day, Plaintiff informed Acuna about his injury and visit to the emergency room, who stated that Plaintiff could return to work once he was medically cleared by his doctor. (*Id.*). Though Acuna was aware of the conditions, no changes were made to fix the unsafe conditions, and therefore Plaintiff returned to work in the same environment. (*Id.*). Plaintiff notified Hertz of the conditions in the guard shack, but it did not take any action to improve the shack condition. (*Id.*).

On September 14, 2017, schedule supervisor, Defendant Anibal Mata, demanded Plaintiff to report to the human resources office in Torrance on his day off for wearing sandals in the workplace. (*Id.* ¶ 10). Mata showed Plaintiff a co-worker's cell phone picture of Plaintiff wearing sandals, to which Plaintiff responded that the picture was taken while Plaintiff was off duty and going home. (*Id.*). Plaintiff also reminded Mata that Plaintiff had a doctor's note instructing him to wear sandals due to the infection on his foot. (*Id.*).

On January 4, 2018, a vein in Plaintiff's leg burst and bled profusely. (*Id.* ¶ 11). Plaintiff's blood pressure "had been rising due to the stress from work, caused by the harassment he faced." (*Id.*). Plaintiff "had to report to his work the next day without any accommodation." (*Id.*). On January 6, 2018, Plaintiff's vein began to bleed again. (*Id.*). Plaintiff's doctor informed Plaintiff that Plaintiff had damage to his blood valves, which ultimately led to the formation of ulcers on his leg. (*Id.*). Plaintiff requested "breakers" to relieve Plaintiff from his post so he could take his breaks on time given that he was unable to stand for long periods of time due to his disability, but Plaintiff's request was denied. (*Id.* ¶¶ 11-12).

On February 24, 2018, Zaragoza told Plaintiff over text message that "Breaker officer Latrina Williams is 'gonna kick you're [sic] a** and I'm gonna sit here and record it.'" (*Id.* ¶ 10). Plaintiff believes that Zaragoza did not want Plaintiff to take breaks. (*Id.*). Additionally, Zaragoza forged Plaintiff's initials on timesheets to claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                            Date:  January 11, 2019
Title:     Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

that Plaintiff had taken a break when in fact Plaintiff had not taken any breaks.  (*Id.* ¶ 12).  Plaintiff continuously reported to his supervisors to no avail that he was not getting his breaks on time.  (*Id.*).  Plaintiff's paychecks also did not reflect additional overtime hours worked.  (*Id.*).

Plaintiff was further subject to intimidation and retaliation by various coworkers and supervisors.  For instance, on August 16, 2017, a coworker, Samuel Bryant, threatened that if Plaintiff were to complain against him for referring to Plaintiff as "Raghead 3," Bryant "knew where Plaintiff lived."  (*Id.*).  On another occasion, on March 7, 2018, Plaintiff was made to wait for an hour to leave his shift after Plaintiff's father had a stroke while a field supervisor found coverage for the shift.  (*Id.* ¶ 13).  The field supervisor then informed her superiors that Plaintiff was being insubordinate and filled out a disciplinary action report.  (*Id.*).

On March 15, 2018, Zaragoza gave Plaintiff a write-up for being insubordinate to the field supervisor the previous week.  (*Id.* ¶ 14).  Plaintiff refused to sign the write-up and told Zaragoza that he again needed to rush to the hospital, and so Plaintiff would not be able to make it to the meeting with De Los Reyes in human resources, presumably regarding the write-up.  (*Id.*).  Zaragoza approved Plaintiff's absence but did not relay the message to De Los Reyes, causing De Los Reyes to give Plaintiff another disciplinary action report for failing to show up to their meeting.  (*Id.*).  Plaintiff was then fired on April 6, 2018, because of the two disciplinary action reports.  (*Id.*).

## II.  **REMAND MOTION**

### A.  **Legal Standard**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                     Date:  January 11, 2019
Title:    Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### B. Discussion

#### 1. Compliance with the Local Rules

As an initial matter, Defendant contends that the Remand Motion should be denied outright because Plaintiff's counsel made no attempt to meet and confer prior to filing the Motion, in violation of Local Rule 7-3. (Opp. at 2). Plaintiff's counsel "concedes it erred" to meet and confer but requests that the Court consider the merits of the Remand Motion. (Reply at 1).

The Court will consider the merits of the Motion, as Defendant does not appear to have suffered prejudice as a result of the failure to meet and confer. *See Reed v. Sandstone Props., L.P.*, No. CV 12-5021 MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) ("Because Reed suffered no real prejudice as a result of the late conference, however, the court elects to consider the motion on the merits."); *Gonzalez v. Heritage Pac. Fin., LLC*, No. 2:12-CV-01816-ODW, 2012 WL 3263749, at *3 (C.D. Cal. Aug. 8, 2012) ("While the Court does not excuse Plaintiff's noncompliance [of Local Rule 7-3], it finds that Defendants were not prejudiced by this violation, and thus the Court refuses to deny Gonzalez's motion on this basis.").

Plaintiff's counsel, however, is warned to scrupulously comply with the Local Rules in the future.

#### 2. Federal question removal

Plaintiff argues that Defendant's removal was improper pursuant to federal question jurisdiction because all 17 causes of action in the Complaint are based on state law. (Mot. at 2). Plaintiff contends that Defendant improperly relies on three

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 18-9659-MWF (GJSx)                    Date:  January 11, 2019
Title:     Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

references to the Americans with Disabilities Act ("ADA") in the Complaint to argue that federal question jurisdiction exists.  (*Id.* at 3-4).

While Plaintiff is correct that "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," there is no question here that Plaintiff actually pled a federal cause of action in his Complaint.  (*Id.* at 4 (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986))).  As Plaintiff acknowledges, federal question jurisdiction exists if a plaintiff pleads (1) a federal cause of action or (2) a state cause of action that implicates a significant federal issue.  (*See id.* (citing *Gunn v. Minton*, 568 U.S. 251, 257-58 (2013))).

Indeed, Plaintiff does not, as he contends, merely "mention[] the ADA in passing."  (*Id.* at 6).  The Sixth Claim for Relief, as Defendant highlights, pleads violations of "Government Code §12940(m) and 42 USC §§12111(8)(9), and 12112(a)" for "fail[ure]to provide reasonable accommodation for Plaintiff's known physical and medical conditions."  (Compl. ¶ 67).  In the following paragraph, the Complaint states that "Defendants' failure to provide 'reasonable accommodations' constitutes discrimination under California Government Code §12940 et seq. and 42 USC §12112(b)(5)."  (*Id.* ¶ 68).  Here, federal law creates the cause of action, therefore the Court need not address whether Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  *See Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 278 (9th Cir. 2018) ("Federal courts have jurisdiction to hear cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotation marks omitted).

Even if, as Plaintiff argues, "reference to the ADA [in the Complaint] is an alternative, independent theory," (Mot. at 6), that a federal claim is pleaded "in the alternative" to a state law claim does not establish that federal jurisdiction is lacking.  *See Harp v. Starline Tours of Hollywood, Inc.*, No. 2:14-CV-07704-CAS EX, 2014 WL 6750283, at *3 (C.D. Cal. Nov. 25, 2014) (denying motion to remand despite the fact that plaintiffs merely pleaded their federal claim "in the alternative" to their state law claim).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                    Date:  January 11, 2019
Title:    Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

Plaintiff further cites to several cases to argue that federal question jurisdiction is lacking here.  (*See* Mot. at 5 (citing, *inter alia*, *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012))).  However, these cases are inapposite, as they concern complaints that raised exclusively state law causes of action where the underlying basis for one or more state law claims included a violation of federal law, not those that specifically ***pleaded*** a federal cause of action.

The Court further rejects Plaintiff's argument that the Court should not exercise supplemental jurisdiction over Plaintiff's other claims because they are "based on employment discrimination, harassment, retaliation and various wage law violations that do not arise out of ***the same acts*** as Defendant's acts underlying the Sixth [Claim for Relief]."  (*Id.* at 9 (emphasis added)).  To arise out of the same "common nucleus of operative fact," the factual predicates need not be identical for a court to exercise supplemental jurisdiction.  *See Lewis v. Doe*, No. 16-CV-01167-EMC, 2016 WL 4411818, at *5 (N.D. Cal. Aug. 19, 2016), *appeal dismissed*, No. 16-16777, 2017 WL 4546739 (9th Cir. Mar. 13, 2017) ("The reference to a 'common nucleus' suggests a factual overlap that refers to something at the heart or center of the subject in question, not to a matter that is peripheral or tangential.") (internal quotation marks omitted).  As Defendant highlights, all of Plaintiff's claims – including his ADA claim – arise from his one-year employment relationship with Defendant and his alleged mistreatment at the hands of Defendant.  *See Garcia v. Rite Aid Corp.*, No. CV1702124BROSKX, 2017 WL 1737718, at *9 (C.D. Cal. May 3, 2017) (exercising supplemental jurisdiction over plaintiff's disability-discrimination claims because "all of Plaintiff's claims . . . arise from Plaintiff and Defendants' employment relationship, including Defendants' treatment of Plaintiff, motive for his termination, and the cause of his emotional distress"); *Shanks v. N. Cal. Cement Masons Joint Apprenticeship Training Comm.*, No. C-93-0609 MHP, 1993 WL 150273, at *4 (N.D. Cal. Apr. 29, 1993) ("Since all of Shanks' claims arise from a 'common nucleus of operative fact'— specifically, the events leading up to and surrounding Shanks' alleged wrongful termination—his defamation and discrimination claims are sufficiently related to his preempted claims to support the court's supplemental jurisdiction over them.").  Therefore, the Court determines that it has supplemental jurisdiction over Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                         Date:  January 11, 2019
Title:    Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

remaining claims, as they are all so related to the federal claim so as to form part of the same case or controversy.

Plaintiff argues further, however, that his state law claims should be remanded to state court because his claims raise novel or complex issues of state law. (Mot. at 10-11). Specifically, Plaintiff argues that his state law claims "involve complex statutory Labor Code violations," "complex issues regarding the definition of employees," and "detailed requirements that employers with California employees must follow under the Labor Code[.]" (*Id.* at 11). Plaintiff provides no further elaboration, however, why any particular provision is sufficiently complex to warrant remand. Without more, the Court is not convinced that any of Plaintiff's claims are particularly novel or complex such that remand is warranted.

The Court likewise rejects Plaintiff's argument that his state law claims should be remanded because "Plaintiff's First through Fifth and Seventh through Seventeenth [Claims for Relief] are based solely on Defendants' violations of the California Fair Employment and Housing Act, the California Labor Code and California Common Law." (*Id.* at 11). "Whether state law claims substantially predominate over federal claims is a qualitative — not quantitative — inquiry . . . [and] [t]he mere fact that a plaintiff's state claims outnumber his federal claims, without more, is insufficient to satisfy the 'substantially predominate' standard." *Navarro v. City of Fontana*, No. EDCV091525VAPDTBX, 2010 WL 11459998, at *3 (C.D. Cal. Jan. 6, 2010). Here, Plaintiff offers no qualitative explanation why his state law claims substantially predominate.

Accordingly, because Plaintiff pleads a federal cause of action in his Sixth Claim for Relief, the Remand Motion is **DENIED**. The request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) is likewise **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                    Date:  January 11, 2019
Title:    Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

## III. **ARBITRATION MOTION**

### A. **Legal Standard**

The Federal Arbitration Act ("FAA") requires district courts to compel arbitration on all claims subject to arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (citing 9 U.S.C. §§ 3, 4). However, every arbitration agreement is subject to generally applicable contract defenses, including waiver and unconscionability. *See Gutierrez v. Wells Fargo Bank, NA*, 704 F.3d 712, 719 (9th Cir. 2012) (stating that "the FAA's savings clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability" or waiver, and analyzing whether the defendant waived its right to arbitration through its litigation conduct) (internal quotation marks omitted).

The Supreme Court has counseled that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration . . . ." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). "Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Id.*

Because the FAA favors arbitration, the burden is on the plaintiff to prove that the arbitration agreement is, in fact, not enforceable. *See Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1157 (9th Cir. 2013) ("[T]hose parties challenging the enforceability of an arbitration agreement bear the burden of proving that the provision is unenforceable."). Even if the plaintiff meets that burden, the district court has the discretion to sever the unconscionable portions of the arbitration provision, if severance would cure the unconscionability. *See Lara v. Onsite Health, Inc.*, 896 F. Supp. 2d 831, 847 (N.D. Cal. 2012) (severing problematic portions of the arbitration provision and compelling arbitration); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 122, 99 Cal. Rptr. 2d 745 (2000) (holding that severance is proper

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                    Date:  January 11, 2019
Title:     Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

unless the arbitration agreement contains more than one unlawful provision and is "permeated by an unlawful purpose").

**B.     Discussion**

Defendant argues that the arbitrator, not this Court, must resolve threshold matters of validity and enforceability of the Arbitration Agreement.

"A court is normally tasked with two gateway issues when deciding whether to compel arbitration under the FAA: '(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue.'" *Morgan v. Glob. Payments Check Servs., Inc.*, No. 2:17-CV-01771-JAM-CMK, 2018 WL 934579, at *2 (E.D. Cal. Feb. 15, 2018) (quoting *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "But the parties can agree to expressly delegate these gateway issues to an arbitrator, in which case an arbitrator, rather than a court, must decide the issues." *Id.* The court must analyze the underlying agreement to determine whether the parties "clearly and unmistakably" committed the question of arbitrability to the arbitrator. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (internal quotation marks and citations omitted).

The Supreme Court recently unanimously reaffirmed these legal points. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, No. 17-1272, 2019 WL 122164, at *4 (U.S. Jan. 8, 2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract . . . even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.").

Defendant argues, and the Court agrees, that the issue of enforceability of the Agreement as to all of Plaintiff's claims has been delegated to an arbitrator. (Mot. at 5-6). The Agreement explicitly provides that "[t]he Arbitrator, and not any federal or state court, shall have the exclusive authority to resolve any issue relating to the interpretation, formation or enforceability of this Agreement, or any issue relating to whether a Claim is subject to arbitration under this Agreement[.]" (Agreement at 3). This provision is similar to others that courts in this District have determined clearly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-9659-MWF (GJSx)                           Date:  January 11, 2019
Title:    Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

and unmistakably provide for threshold issues of arbitrability to be determined by an arbitrator. *See Dvorsky v. Axis Glob. Sys., LLC*, No. CV 17-422 DMG (AJWX), 2017 WL 7079459, at *1 (C.D. Cal. June 15, 2017) (finding the parties provided for threshold questions of arbitrability to be resolved through arbitration where the arbitration agreement provided that "[a]ny and all disputes arising under or relating in any way to the interpretation or application of this Agreement concerning Employee's employment with the Company . . . shall be subject to arbitration") (emphasis omitted).

At the hearing, Plaintiff argued that the remainder of the Delegation Clause in fact delegates the issue to the Court. The remainder of the Delegation Clause provides: "However, the parties agree that only a court of competent jurisdiction may determine any disputes about the enforceability of the class, collective or representative action waiver." (Agreement at 3). While Plaintiff is correct that at least some issues are reserved for the Court, the reservation Plaintiff identifies concerns class action waivers, an issue not relevant here.

The only remaining question is whether the Delegation Clause itself is unconscionable. *See Brennan*, 796 F.3d at 1132. In his Opposition, Plaintiff fails to challenge the Delegation Clause whatsoever. The Court thus treats Defendant's arguments regarding the Delegation Clause as unopposed. Plaintiff's lack of opposition is grounds for granting the Motion. *See* L.R. 7-12; *Haraway v. E! Entm't Television, LLC*, No. CV130628FMOMRWX, 2014 WL 12588479, at *3 (C.D. Cal. Apr. 7, 2014) (finding plaintiff conceded unconscionability argument by failing to raise the argument in opposition to the motion to compel arbitration). Moreover, on the merits, there is no suggestion as to why the Delegation Clause would be unconscionable.

For the foregoing reasons, the Arbitration Motion is **GRANTED**. Because it appears that all of Plaintiff's claims are covered by the Arbitration Agreement, the Court in its discretion chooses dismissal instead of a stay. Accordingly, the action is **DISMISSED** *without prejudice*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-9659-MWF (GJSx)            **Date:** January 11, 2019
Title:      Nikesh Lakhan v. U.S. Security Associates, Inc., et al.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

IT IS SO ORDERED.